## Adoption of R.J.H.

*Allen N. Brunswasser,* for appellant.
*John H. Auld, III,* and *Dina G. McIntyre,* for appellee.

ROSS, E., *J.,* December 11, 1979—R.J.H. was adopted by decree of this court entered by the Honorable William S. Rahauser, on October 18, 1979, at which time the court filed an opinion setting forth

the basis for the adoption and for finding that the child's father, D.S.H., had forfeited his parental rights.

Previously, on June 21, 1979, the court (the Honorable William S. Rahauser) entered a decree summarily refusing the rights of the father and the maternal grandmother to visit the child who had resided with the adoptors since March 11, 1977. The natural mother's rights in the child had been terminated voluntarily in a relinquishment proceeding May 25, 1977.

Exceptions to the decrees dated June 21, 1979 and October 18, 1979 were filed by D.S.H., natural father, and A.M., maternal grandmother.

The child was born September 17, 1974; until June 21, 1979 the father never had had contact with her and never performed any usual parental duties.

After commencement of the adoption proceedings in 1977, many letters were sent to Mr. H. concerning his consent without any attempt by him to contact the court or the child. He did nothing during the long period of the natural mother's unsuccessful appeal to the Supreme Court of Pennsylvania from the refusal of the court on April 12, 1978 to vacate her prior relinquishment of her parental rights in her child and he did nothing after he had received notice of the hearing on the adoption petition held September 29, 1977, at which time testimony was given as to his involuntary termination. He did nothing for the child until he suddenly appeared in June, 1979 to demand "visitation." The court rightly refused to entertain his visitation petition while the petition for adoption was pending before it and properly found that the father had failed to perform parental duties under section

311(1) of the Adoption Act of July 24, 1970, P.L. 620, 1 P.S. §311(1). As to the petition of the natural grandmother and of the father for "visitation," the court rightly concluded that such a petition should not be entertained during the pendency of adoption proceedings.

A petition for writ of habeas corpus for permanent custody may be presented during the pendency of an adoption proceeding under section 763 of the Probate, Estates and Fiduciaries Code, 20 Pa.C.S.A. §763, but such petition becomes relevant only if the court fails to decree the adoption. Petitions for "visitation" in conjunction with a pending adoption are not provided for statutorily as in the case of a habeas corpus petition and, even if such petitions were permitted under the code, they could not be heard unless the adoption were not decreed. Here the adoption was later decreed.

The exceptions to the decrees dated June 21, 1979 and October 18, 1979 should be dismissed.

ORDER

And now, December 11, 1979, after argument on the exceptions filed by D.S.H., father, and A.M., maternal grandmother, to the orders of court dated June 21, 1979 and to the opinion and order of court dated October 18, 1979 in the above case, it is ordered, adjudged and decreed that all exceptions are hereby dismissed.